IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV292-03-MU

ANTRON PEGUES,            )
                          )
        Petitioner,       )
                          )
     v.                   )           **O R D E R**
                          )
JENNIFER H. LANGLEY,      )
                          )
        Respondent.       )
_____)

**THIS MATTER** comes before the Court on initial review of Petitioner Antron Pegues' (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1), filed June 16, 2005. For the reasons stated herein, the instant Petitioner will be dismissed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to the Petition, in June 1999, the Superior Court of Mecklenburg County convicted Petitioner of four counts of robbery with a dangerous weapon. Upon his conviction, the Superior Court of Mecklenburg County sentenced Petitioner to two terms of 77 to 102 months imprisonment.

The Petitioner filed a notice of appeal on July 2, 1999. While he states that he has attached the decision of that appeal to his petition, there is no such document attached to the petition. However, upon the Court's own research, the Court learned that Petitioner's appeal was decided on November 7, 2000 when the Court of Appeals determined that "Defendant had a fair trial, free from

1

prejudicial error. No error."

After allowing 4 years to pass since the November 7, 2000 decision of the Court of Appeals, the Petitioner filed a Motion for Appropriate Relief ("MAR") challenging his conviction in September 2004. The Motion for Appropriate Relief was denied on November 15, 2004. The Petitioner subsequently filed a Writ of Certiorari in the North Carolina Court of Appeals in January 2005 challenging the Superior Court's denial of his MAR, which was also denied.

Petitioner has now filed the instant federal Petition for a Writ of Habeas Corpus, arguing that his due process and equal protection rights were violated because the Superior Court heard his petition ex-parte. He also asserts that his rights were violated because of a "Blakely, Booker and Apprendi violation. Petitioner also argues that due process rights and equal protection rights have been violated because the North Carolina Department of Corrections does not have a law library. However, the instant petition is subject to summary dismissal for several reasons, including the ones which will be hereafter set forth.

First, none of the claims Petitioner presents are meritorious claims. His claim related to the law library is clearly not cognizable in a habeas petition under § 2254 such as this one. To be sure, habeas review under § 2254 is appropriate when a state prisoner is attacking either the fact or length of a conviction and/or confinement. Presier v. Rodriguez, 411 U.S. 475 (1973). However, claims related to conditions of confinement, such as the allegation raised herein, are not cognizable in this type of proceeding. Thus, the Petitioner cannot proceed on the instant allegation.

Petitioner raises two separate claims in which he asserts a Booker violation. In one of the two claims he also raises a Blakely and Apprendi violation. These claims also must fail.

2

The Court first notes that it is aware of the recent pronouncements in Blakely. However, the Fourth Circuit Court of Appeals has concluded that Apprendi, the case from which the Blakely and Booker ruling is derived, cannot be retroactively applied in cases such as this. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Furthermore, neither the Fourth Circuit nor the United States Supreme Court yet has indicated that Blakely or Booker can be retroactively applied on collateral review. Thus, in light of Sanders, it is likely that Blakely and Booker also will not be deemed to be retroactively applicable in collateral review contexts. Therefore, the sentencing claims to which the petitioner has alluded would not be cognizable in these proceedings.

Petitioner's last claim is that his due process and equal protection rights have been violated because "the Mecklenburg County Superior Court heard his petition ex-parte." Petitioner provides no facts from which the Court can glean exactly what Petitioner is challenging. However, it appears he may be challenging the fact that the court ruled on his petition without a hearing. Not every person who files a case in court has their case determined by a hearing before a judge. Many, if not most, of the cases are decided without a formal hearing. If this is the substance of Petitioner's claim, there is simply no constitutional violation.

Finally, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented for filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, even assuming the Petitioner could proceed with his claim, the record reflects that such challenge still would have to be time-barred. That is, the record establishes that Petitioner filed his notice of appeal in July, 1999, the record was filed on April 10, 2000 and on November 7, 2000 the Court of Appeals found no error and affirmed Petitioner's conviction. He then did not challenge his sentence or conviction again in any way until almost four years later when in September 2004 he filed a Motion for Appropriate Relief ("MAR"), which was denied in November 2004. Therefore his conviction became final on or about February 7, 2002.

Moreover, notwithstanding the fact of the Petitioner's belated attempt to pursue collateral review in 2004, such fact if of little consequence in this case. Indeed by the time that the

4

Petitioner filed his MAR, his federal deadline had long expired. Therefore, even if this Court were to toll the one-year deadline for the brief 5 month period during which the Petitioner's case was on collateral review, such extension would not help to revive a petition which was time-barred upon its filing.

Furthermore, it is quite apparent that the Petitioner, despite having been given an opportunity to do so, has failed to articulate a proper basis for tolling the applicable limitation period or otherwise extending the time in which to file the instant Motion.[1] Rather, the Petitioner, aware of this bar to his petition, simply claims that his petition is not time-barred since the North Carolina Department of Corrections does not have a law library and North Carolina State law allows a prisoner to file and MAR at any time or to file a motion to correct sentence at any time. While Petitioner may be correct as to the timing for filing a MAR or a motion to correct a sentence, that does not replace the one year time limitation contained in the AEDPA. Therefore, the Petitioner's Writ of Habeas Corpus Petition must be <u>dismissed</u>.

### III. CONCLUSION

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002). In that case, the Court concluded that "when a federal habeas court, prior to trial. Perceives a <u>pro-se</u> [petition or Motion to Vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Congress amended the rules governing habeas proceedings and modified the Motion to Vacate forms to comply with the new requirement. The new Writ of Habeas Corpus forms now include a section which directs the petitioner to address "the timeliness of [his/her] petition." In particular, such new provision advises the petitioner that if [his/her] conviction became final more than one year before the time that the petition is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) [also set forth on the form] does not bar [such] petition." Accordingly, given the fact that the Petitioner has attempted to address the timeliness of his petition – albeit unsuccessfully – the Court concludes that it need not provide the Petitioner with any additional notice in this matter.

The instant habeas petition contains challenges to matters which are not cognizable under § 2254, and it clearly was untimely filed in this Court. Accordingly, such Petition will be dismissed.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.

**Signed: July 7, 2005**

Graham C. Mullen
Chief United States District Judge